**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

UNITED STATES OF AMERICA      )
                                )
v.                                        )     CASE NO. CR402-056
                                )
DWAYNE JAMAE JACKSON,      )
                                )
     Defendant.            )
                                )

## O R D E R

Before the Court is Defendant Dwayne Jamae Jackson's Emergency Request for Sentence Modification (Doc. 15), which the Government has opposed (Doc. 16). After careful consideration, Defendant's motion (Doc. 15) is **DISMISSED**.

## BACKGROUND

In May 2002, Defendant pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 7.) Defendant was sentenced to 52 months' imprisonment as to each count, to be served concurrently. (Doc. 10 at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Butner Medium II located in Butner, North Carolina, with a projected release date of February 18, 2026. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov./inmateloc/ (last visited Apr. 19, 2023).

## ANALYSIS

Defendant claims that the BOP failed to properly credit him for time served while in custody. (Doc. 15 at 1-2.) Specifically, Defendant believes he is entitled to receive credit for 114 days served from April 3, 2002, to July 26, 2002. (Id. at 1.) In response, the Government argues Defendant has not demonstrated the exhaustion of his administrative remedies and, even if he had, Defendant must bring his claim for time served credit in a habeas petition brought under 28 U.S.C. § 2241 in the district of his confinement. (Doc. 16 at 3-4.) For the following reasons, the Court finds Defendant's motion is due to be dismissed.

The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("[T]he Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (per curiam) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts." (citation omitted)). Additionally, "[g]ranting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before

2

seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010) (per curiam). In this case, Defendant has provided no evidence that he has exhausted his administrative remedies with the BOP.

Even if Defendant had exhausted his administrative remedies, the proper procedure for a defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district of his confinement. See United States v. Lassiter, 812 F. App'x 896, 900 (11th Cir. 2020) (per curiam) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district."); United States v. Polite, No. CR 418-085, 2021 WL 219422, at *1 (S.D. Ga. Jan. 21, 2021) ("Only 'after the exhaustion of administrative remedies' may a claim for credit for time served be brought under 28 U.S.C. § 2241." (quotation omitted)).

Here, Defendant is incarcerated at FCI Butner Medium located in Butner, North Carolina. Accordingly, if Defendant wishes to challenge the BOP's calculation of his sentence, Defendant must

file a § 2241 petition for sentencing credit in the United States District Court for the Eastern District of North Carolina. Because this Court lacks jurisdiction to consider Defendant's motion, Defendant's motion (Doc. 15) is **DISMISSED**.

SO ORDERED this _2/5<sup>T</sup>_ day of April 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4